**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **MICHAEL LUNDY,** | ) | **CASE NO. 3:16CV1727** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **NEIL TURNER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court on Petitioner Michael Lundy's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

<u>**FACTS**</u>

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On August 16, 2012, the Allen County Grand Jury indicted Petitioner on two counts of Rape, one count of Kidnapping and one count of Aggravated Burglary.   The case proceeded to a jury trial on August 6, 2013.  On August 9, 2013, the jury found Petitioner guilty of all charges.  On September 9, 2013, the trial court sentenced Petitioner to an aggregate sentence of forty years in prison.

Petitioner filed an Appeal to the Third District Court of Appeals.  On November 10, 2014, the Court of Appeals affirmed the trial court's Judgment.  Petitioner appealed to the Ohio Supreme Court.  The Ohio Supreme Court declined jurisdiction over the Appeal on April 29, 2015.  Petitioner filed a Motion for Reconsideration on May 6, 2015, which the court denied.  On January 30, 2015, Petitioner filed an Application to Reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  On March 17, 2015, the Court of Appeals denied the Application.  Petitioner filed a Notice of Appeal of the appellate court's Judgment to the Ohio Supreme Court.  The Court declined jurisdiction over the Appeal on July 8, 2015.

Petitioner filed the instant Petition on July 6, 2016, asserting four grounds for relief.  On July 7, 2016,  the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on April 18, 2018.  Petitioner filed Objections to Report and Recommendation on April 19, 2018, accepting the recommendation of the Magistrate Judge for Grounds Two, Three and Four, but challenging the recommendation for Ground One:

> **GROUND ONE:** The trial court committed error in not granting Lundy's challenge to the preemptory[sic] strike of an African[-]American female from the jury.

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

Therefore, the Court will accept the recommendation of the Magistrate Judge to dismiss Grounds Two, Three and Four and review Ground One on the merits.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

3

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the

Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

### ANALYSIS

In Ground One, Petitioner alleges that the trial judge committed error by not

allowing his challenge to the peremptory strike of an African-American juror.

Respondent asserts that this claim is meritless.

The Equal Protection Clause of the Fourteenth Amendment commands that "no

State shall . . . deny to any person within its jurisdiction the equal protection of the law."

U.S. Const. amend. XIV, § 1. The Supreme Court long has held that the Equal

Protection Clause prohibits states from trying a defendant before a jury from which

members of his race purposefully have been excluded. *See, e.g., United States v.*

*Harris*, 192 F.3d 580, 586 (6th Cir. 1999). The Court extended this principle in *Batson*

*v. Kentucky*, 476 U.S. 79 (1986), in which it ruled that the Equal Protection Clause

precludes a party from using a peremptory challenge to exclude members of the jury

venire on account of their race. *Batson, supra*, 476 U.S. at 89.

In *Batson,* the Supreme Court articulated a three-step process for evaluating

claims when a prosecutor has used peremptory challenges in a manner violating the

Equal Protection Clause. *Id.* at 96-98. First, the court must determine whether the

defendant has made a prima facie showing that the prosecutor exercised a peremptory

challenge on the basis of race. *Id.* at 96-97. Second, if the showing is made, the

4

burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. *Id.* at 97-98. "Although the prosecutor must present a comprehensible reason, '[t]he second step of this process does not demand an explanation that is persuasive, or even plausible'; so long as the reason is not inherently discriminatory, it suffices." *Rice v. Collins*, 546 U.S. 333, 338 (2006) (quoting *Purkett v. Elem*, 514 U.S. 765, 767-68 (1995)). Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. *Batson, supra*, 476 U.S. at 98.

The Court of Appeals thoroughly reviewed this claim on direct appeal and found that the prosecutor gave a race-neutral reason for rejecting the juror. The Court of Appeals found that there was no abuse of discretion by the trial court. The Magistrate Judge determined that the Court of Appeals' finding was neither contrary to, nor an unreasonable application of, clearly established federal law.

The Court agrees with the Magistrate Judge. The juror in question had relatives and/or associates that had previously been prosecuted by the Allen County Prosecutor's Office. Petitioner argues that because the racial makeup of Allen County is only 12%, the prosecutors should not exclude a black juror simply because they have the same name as someone who has been prosecuted in the past. The Magistrate Judge correctly points out that this argument does not provide evidence that the prosecutor purposefully excluded the juror because of her race. The prosecutor was clear that they were unsure that the juror would be fair and objective.

The trial court determined that there was no pattern of discrimination. The Supreme Court has emphasized that trial-court findings on the issue of discriminatory

5

intent must be afforded "great deference."  *See Hernandez v. New York*, 500 U.S.

352, 364-66 (1991).  This makes "particular" sense, it has explained, because

> [t]here will seldom be much evidence bearing on that issue, and the best
> evidence often will be the demeanor of the attorney who exercises the challenge.
> As with the state of mind of a juror, evaluation of the prosecutor's state of mind
> based on demeanor and credibility lies "peculiarly within a trial judge's province."

*Id.* at 365 (quoting *Wainwright v. Witt,* 469 U.S. 428 (1985)).  In fact, "[t]he credibility of

the prosecutor's explanation goes to the heart of the equal protection analysis, and

once that has been settled, there seems nothing left to review."  *Id.* at 367.  Thus, the

state court's determination of whether the prosecutor intended to discriminate is a

"question of historical fact," which is presumed correct unless rebutted by clear and

convincing evidence.  *Lancaster v. Adams*, 324 F.3d 426, 429 (6th. Cir. 2003) (citing

*Hernandez*, 500 U.S. at 367.).

The Court agrees with the Magistrate Judge that Petitioner has provided no

evidence that similarly situated Caucasian jurors were left on the jury panel.  It is clear

that the prosecutor provided a credible, race neutral explanation for excusing the juror.

Therefore, the Court agrees with the Magistrate Judge that Petitioner has failed to

establish the state trial court's decision on the *Batson* objection was contrary to, or

involved an unreasonable application of, clearly established federal law.  Ground One is

denied.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate

Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition

Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28

U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial

of a constitutional right directly related to his conviction or custody, the Court declines to

issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).


        **IT IS SO ORDERED.**


                              **s/Christopher A. Boyko**

**Date: May 23, 2018**           **CHRISTOPHER A. BOYKO**
                              **United States District Judge**